

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | Civil Action File Number |
| --- | --- |
| | PC-2015-5630 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| 390-400 Metacom Avenue, Llc | Karen Alegria |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| **Defendant** | 311 PINE ST |
| John Eastern Company | FALL RIVER MA  02720 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | 780 Seventh Avenue |
| 250 Benefit Street | New York NY  10019 |
| Providence RI  02903 | |
| (401) 222-3250 | |

**TO THE DEFENDANT, Loyds of London:**

   The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

   As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 12/28/2015. | /s/ Henry Kinch |
| --- | --- |
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
| 390-400 Metacom Avenue, Llc | PC-2015-5630 |
| v. | |
| **Defendant** | |
| John Eastern Company | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Loyds of London, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____
  _____

☐ I was unable to make service after the following reasonable attempts:
  _____
  _____

SERVICE DATE: ____/____/____        | SERVICE FEE $ _____
          Month  Day   Year          |
Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                    Notary Public: _____
                    My commission expires: _____
                    Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, SC

390-400 Metacom Avenue, LLC                     :
                                                :
vs.                                             :
                                                :
                                                :    C.A. No.
John Eastern Company, Inc.                      :
and                                             :
Loyds of London                                 :

## COMPLAINT

### PARTIES

1.   Plaintiff, 390-400 Metacom Avenue, LLC is a limited liability company duly organized under the laws of the State of Rhode Island with a principal place of business located at 390-400 Metacom Avenue, Bristol, Rhode Island.

2.   Defendant, John Eastern Company, Inc. is a corporation duly organized under the laws of Pennsylvania with a principal place of business located at 350 Sentry Parkway, Building 610, Suite 120, Blue Bell, Pennsylvania 19422.

3.   Defendant, Loyds of London,   is an insurance underwriters company whose address for service of suit is 780 Seventh Avenue, New York, New York, 10019-6829.

### FACTS

4.   On or about March 11, 2015 during a regular inspection of the building known as (Blockbuster) located at 400 Metacom Avenue, Bristol, Rhode Island, it was discovered that the building suffered major damage to the modified roofing, the interior and the exterior canopy ceiling as the result of severe accumulation of snow and ice on the rooftop.

5.   The interior damage was caused by water coming through the underside of the roof into the building and into the exterior canopy.

6.   On March 11, 2015 a claim was reported to the insurance company, Loyds of London.

7.   On March 12, 2015, the damages to the interior and canopy ceiling was inspected and estimated by a licensed construction contractor, whose quote was $28,400.00, which included general interior, painting and canopy.

8.   On March 12, 2015, the damage to the interior was estimated by a cleaning contractor, whose quote was $800.00.

9.   On March 26, 2015, the damage was inspected and estimated by a roofing contractor, whose quote was $108,900.00. The contractor identified most of the damaged areas and performed temporary repairs. Photographs of those damaged areas were taken at this time.

10.  On March 27, 2015, the insurance company, Loyds of London, through their agent, John Eastern Company, sent an appraiser to the building, to which we submitted the repair quotes.

11.  Loyds of London, through their agent, John Eastern Company, then ordered a roofing contractor, Del Santo Roofing, to inspect the roof and submit a report.

12.  On April 29, 2015, Nick from Del Santo Roofing came to the property to inspect and estimate the damage.

13.  Approximately one month later plaintiff contacted John Eastern Insurance Company to get a status of the insurance payment and were told it would only take a few more weeks.

14.  On June 11, 2015, plaintiff received a letter from John Eastern Insurance company indicating they wanted another inspection of the roof.

15.  On June 16, 2015 the engineer hired by John Eastern Company inspected the roof of the building.

16.  The engineer submitted his report to the defendant, John Eastern Company on July 8, 2015.

17.  John Eastern Company subsequently advised the plaintiff that the interior claim as being processed.

18.  John Eastern Company sent to Lloyds of London the request to pay interior damage along with the section proving it was a covered loss.

19.  On July 21, 2015, Lloyds of London informed plaintiff that they would not approve interior damage claim until they received the exterior report.

20.  On July 22, 2015, plaintiff was again informed by John Eastern Company that we would get a response by the following week.

21.  On July 27, 2015, the Plaintiff received a check for a portion of the interior only and was again informed that it would be another week on the exterior.

22.  On August 20, 2015 John Eastern Company denied the claim.

23.  Throughout the months of September and October, the plaintiff left numerous messages with John Eastern Company regarding the payment of $11,456.35.

24.   As of November 5, 2015, the remaining interior money was still withheld and the agent informed us that although Lloyds had all the information necessary to pay the claim it still had not made the direction to pay.

25.   It has been seven months since the loss occurred and the insurance company and their agents have intentionally delayed payment of this claim and wrongfully denied the claim.

## COUNT I
## BAD FAITH CLAIM-JOHN EASTERN INSURANCE COMPANY

26.   Paragraphs 1 through 25 are hereby incorporated by reference as if fully set forth herein.

27.   Liability of the insurer to pay or settle the Plaintiff's claim has become reasonably clear.

28.   The Defendant, John Eastern Insurance Company, as agent for Lloyds of London, has wrongfully and in bad faith has refused to pay or settle and delayed the Plaintiff's property damage insurance claim pursuant to the insurance policy.

29.   The agent, John Eastern Insurance Company, for the Defendant, Lloyds of London, has wrongfully and in bad faith refused to timely perform on its obligations under the Defendant's contract for insurance with the Plaintiff.

30.   By failing to pay or settle the Plaintiff's claim, the agent for the Defendant's insurer has acted in bad faith in violation of Rhode Island General Laws, § 9-1-33.

WHEREFORE, the Plaintiff, 390-400 Metacom Avenue, LLC, demands judgement against the Defendant for the maximum allowable damages within the jurisdiction of this Honorable Court, punitive damages, costs, the reasonable attorney's fees required to bring this claim, and such further relief as this Court deems just and proper.

## COUNT II
## BAD FAITH CLAIM-LOYDS OF LONDON

31.   Paragraphs 24 through 30 are hereby incorporated by reference as if fully set forth herein.

32.   Loyds of London, under the property and liability policy, which policy was in full force and effect provided coverage for the previously described loss.

33.   Liability of the insurer to pay or settle the Plaintiff's claim has become reasonably clear.

34.   The Defendant, Lloyds of London, has wrongfully and in bad faith has refused to pay or settle the Plaintiff's property damage insurance claim pursuant to the insurance policy.

35.   The Defendant, Lloyds of London, has wrongfully and in bad faith refused to timely perform on its obligations under the Defendant's contract for insurance with the Plaintiff.

36.   By failing to pay or settle the Plaintiff's claim, the Defendant insurer has acted in bad faith in violation of Rhode Island General Laws, § 9-1-33.


WHEREFORE, the Plaintiff, 390-400 Metacom Avenue, LLC, demands judgement against the Defendant for the maximum allowable damages within the jurisdiction of this Honorable Court, punitive damages, costs, the reasonable attorney's fees required to bring this claim, and such further relief as this Court deems just and proper.


Plaintiff, 390-400 Metacom Avenue, LLC
By its Attorneys,
BRIAN CUNHA & ASSOCIATES, P.C.


Karen A. Alegria, Esquire
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500
Fax: (508) 679-6360
R.I. #6562